UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Petitioner,

v.

    Case No. 21-cv-10319
    Hon. Matthew F. Leitman

MICHAEL J. BOUCHARD,

    Respondent.

_____/

**ORDER (1) DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION FOR HABEAS CORPUS (ECF No. 1) SHOULD NOT BE DISMISSED AND (2) DENYING MOTION FOR EXPEDITED CONSIDERATION (ECF No. 2)**

Petitioner Scott Andrew Witzke is an inmate in the Oakland County Jail. On January 7, 2021, Witzke filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.) He has also filed a motion for expedited consideration. (*See* Mot., ECF No. 2.)

In 2019, Witzke was charged in the 47th District Court for the State of Michigan with one felony count of possession with intent to distribute the controlled substance methamphetamine. (*See* Pet. at ¶5, ECF No. 1, PageID.3.) On December 2, 2019, he turned himself in and was arraigned on that charge. (*See id.*) At that time, Witzke was "released on a personal recognizance bond with conditions." (*Id.*) On or about January 3, 2020, Witzke "failed to appear for a scheduled preliminary

1

hearing," and the assigned state district court judge "revoked [Witzke's] bond" and "issued a bench warrant for [his] arrest." (*Id.* at ¶6, PageID.3.) Witzke was then apprehended. (*See id.* at ¶7, PageID.3.) He appeared for an arraignment on the bench warrant on January 28, 2020. (*See id.*) At that hearing, the state district court judge set Witzke's bond at $100,000 "with no other conditions." (*Id.*) Thereafter, Witzke was bound over to the Oakland County Circuit Court for trial on the charge of possession with intent to distribute methamphetamine. (*See id.* at ¶8, PageID.3.)

On or about August 6, 2020, Witzke posted bond and was released from pre-trial detainment. (*See id.* at ¶9, PageID.3.) While Witzke was on bond, he was arrested in Macomb County, Michigan and "charged with possession of methamphetamine." (*Id.* at ¶10, PageID.4.) He later pleaded guilty to that charge. (*See* 12/9/2020 St. Ct. Hr'g Tr., ECF No. 1, PageID.45, 54.)

After Witzke was arrested in Macomb County, the Oakland County Prosecutor filed a motion in the Oakland County Circuit Court to revoke Witzke's bond in Witzke's pending case in that court. (*See* Pet. at ¶11, ECF No. 1, PageID.4.) The prosecutor argued in the motion that Witzke had violated his bond conditions "by engaging in new criminal activity." (*Id.*) Judge Leo Bowman of the Oakland County Circuit Court thereafter held a hearing on the prosecutor's motion. (*See id.* at ¶12, PageID.4.) Witzke was not present at that hearing. (*See id.*) Judge Bowman

2

granted the prosecutor's motion and revoked Witzke's bond pursuant to Michigan Court Rule 6.106. (*See id.*)

On December 9, 2020, Judge Bowman held a second hearing with respect to Witzke's bond. (*See id.* at ¶13, PageID.5.) Witzke attended this second hearing, and he was "permitted to address the propriety of the bond revocation." (*Id.*) Witzke first complained that Judge Bowman had previously revoked his bond in his absence. (*See* 12/9/2020 St. Ct. Hr'g Tr., ECF No. 1, PageID.40.) In response to that argument, Judge Bowman vacated his earlier order revoking bond and proceeded to consider anew whether he should revoke Witzke's bond. (*See id.*, PageID.49.)

Turning to the merits, Witzke argued that the district court judge who granted him bond had not set any express conditions of bond. (*See id.*, PageID.51-52.) He thus insisted that his arrest and conviction in Macomb County did not amount to violations of his bond conditions. (*See id.*) And he asserted that because he had not violated an express bond condition, Judge Bowman had no authority to revoke his bond. (*See id.*)

Judge Bowman rejected that argument. (*See id.*, PageID.55.) He determined that even if Witzke had not violated an express condition of his bond, it was still appropriate to revoke the bond because Witzke had committed another felony offense while on bond. Judge Bowman said that he had the "independent[] … authority" to revoke Witzke's bond even if Witzke had not violated an express

3

condition of the bond. (*Id.*, PageID.57.) Judge Bowman did not identify the specific Michigan Court Rule that granted him that authority. (*See id.*)

Witzke has now filed his habeas petition in this Court. Witzke says that Judge Bowman had no authority to revoke his (Witzke's) bond because he did not violate an express condition of that bond. (*See* Pet. at ¶15, ECF No. 1, PageID.5.) Witzke further asserts that Judge Bowman erred when he concluded that "Witzke failed to comply with the conditions of release[] as set forth in [Michigan Court Rule] 6.106(I)(2)." (*Id.*) Witzke adds that Judge Bowman revoked his bond "without applying a reasonably clear legal standard." (*Id.*) Witzke contends that the revocation of his bond under these circumstances amounts to a violation of the Due Process Clause of the Fourteenth Amendment.

The Court has serious questions about whether Witzke has stated a federal constitutional claim. Even though he presents the claim as one arising under the Fourteenth Amendment, the true essence of his claim appears to be that Judge Bowman lacked the authority to revoke his bond under state law. And as a general matter, "federal habeas corpus review does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Thus, it is not clear that Witzke's claim in this action is cognizable on federal habeas review.

4

But Witzke's claim may suffer from another fatal flaw. A key premise of Witzke's claim is that Judge Bowman lacked the authority under state law to revoke his bond because he had not violated an express condition of that bond. That premise seems to be wrong. Rule 6.106(H)(2)(b) of the Michigan Court Rules appears to give judges like Judge Bowman the independent authority to review and revoke a defendant's bond even where the defendant has not violated an express condition of bond. The rule provides that "[a]t the defendant's arraignment on the information and afterwards, the court having jurisdiction of the defendant may, on the motion of a party or its own initiative, make a *de novo* determination and modify a prior release decision or reopen a prior custody hearing." Mich. Ct. Rule 6.106(H)(2)(b). This rule appears to have empowered Judge Bowman to revoke Witzke's bond.

Moreover, Michigan Court Rule 6.106(F)(1)(a) provides that a court may consider a defendant's criminal record when determining whether a defendant is appropriately released on bond. Thus, it appears to have been entirely consistent with the Michigan Court Rules for Judge Bowman to have revoked Witzke's bond based upon his commission of another crime while free on bond.

Witzke's petition does not acknowledge Michigan Court Rule 6.106(H)(2)(b), nor does it explain how Witzke is entitled to relief given that the premise of his claim appears to conflict with that rule. Likewise, Witzke does not acknowledge that Michigan Court Rule 6.106(F)(1)(a) permits judges to consider a defendant's

5

criminal record when determining whether the defendant is properly granted bond. Thus, Witzke's suggestion that Judge Bowman's decision to revoke his bond was not tethered to any legitimate legal standard appears to be wrong.

Accordingly, the Court **DIRECTS** Witzke, by no later than **April 5, 2021**, to **SHOW CAUSE**, in writing, why the Court should not dismiss the petition on the grounds that (1) Michigan Court Rule 6.106(H)(2)(b) authorized Judge Bowman to revoke his bond even if he had not violated an express condition of his bond and (2) Judge Bowman's decision to revoke bond was based upon Witzke's commission of a new crime, which Michigan Court Rule 6.106(F)(1)(a) expressly directs a judge to consider when making bond decisions.

Given the serious concerns that the Court has about the propriety of this action, the Court will resolve these preliminary issues first before turning to the merits of Witzke's petition (if it is appropriate to address the merits at all). Accordingly, the Court will not consider Witzke's petition on an expedited basis. Witzke's motion for expedited consideration (ECF No. 2) is therefore **DENIED**.

    **IT IS SO ORDERED**.

                                                         s/Matthew F. Leitman
                                                         MATTHEW F. LEITMAN
                                                         UNITED STATES DISTRICT JUDGE

Dated:  February 17, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 17, 2021, by electronic means and/or ordinary mail.

                                        s/Holly A. Monda
                                        Case Manager
                                        (810) 341-9764