UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

     Petitioner,

v.

MICHAEL J. BOUCHARD,

     Respondent.

Case No. 21-cv-10319
Hon. Matthew F. Leitman

_____/

## ORDER DENYING PETITIONER'S MOTION
## TO ALTER OR AMEND JUDGMENT (ECF No. 21)

Petitioner Scott Andrew Witzke is currently facing criminal charges in state court and is a pre-trial detainee in the Oakland County Jail. Witzke was originally granted bond by a Judge of the 47th District Court, but he was incarcerated when a Judge of the Oakland County Circuit Court later revoked his bond. (*See* Pet., ECF No. 1.)

On January 28, 2021, Witzke filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241.[1] (*See id.*) In the petition, Witzke sought an order reinstating his state court bond. (*See id.*) The Court set an expedited briefing schedule on the petition (*see* Order, ECF No. 7), and held a video hearing on the

_____

[1] The Clerk of the Court received the petition on February 8, 2020 (*see* Pet, ECF No. 1, PageID.60), and it was and filed on this Court's docket on February 12, 2021. (*See* Dkt.)

petition on April 6, 2021.  For the reasons explained during the motion hearing, the Court denied the petition. (*See* Order, ECF No. 19.)  At the conclusion of the hearing, Witzke made an oral motion for a certificate of appealability, and the Court denied that motion. (*See id.*)

Witzke has now filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (*See* Mot., ECF No. 21.)  In the motion, Witzke asks the Court to reconsider its denial of his habeas petition and the denial of his oral motion for a certificate of appealability. (*See id.*)

The Court has carefully reviewed Witzke's motion and concludes that he has not shown any error in the Court's ruling and/or reasoning that would change the result of the Court's decision if corrected.  Accordingly, Witzke's motion (ECF No. 21) is **DENIED**.

The Court will address two of Witzke's arguments.  First, he contends that as a pre-trial detainee proceeding under 28 U.S.C. § 2241, he was not required to obtain a certificate of appealability to pursue an appeal from the Court's denial of his habeas petition.  However, the Sixth Circuit recently held that 28 U.S.C. § 2253(c)(1) "requires certificates of appealability for state pretrial detainees proceeding under § 2241." *Winburn v. Nagy*, 956 F.3d 909, 911 (6th Cir. 2020).  Thus, Witzke's argument that he need not obtain a certificate of appealability is foreclosed by controlling precedent.

Second, Witzke says that the Court erred when it discussed how the written order revoking his bond – entered by a Judge of the Oakland County Circuit Court – failed to reflect the actual reasoning offered by that Judge on the record when he revoked Witzke's bond.  Witzke makes too much of this portion of the Court's discussion.  While the Court did offer its view that the Judge's actual reasoning on the record comported with the Michigan Court Rules (even if the written order did not), the Court's ruling did not depend upon its interpretation of the Judge's oral statements on the record.  Instead, the Court rested it ruling on Witzke's inability to show a violation of the Due Process Clause.  In reaching that conclusion, the Court highlighted the material distinctions between Witzke's case and the three cases on which he primarily relied.  Witzke has not cited a single case in which any federal court has granted habeas relief to remedy a state-court bond revocation under circumstances like those presented here.

For all of these reasons, the Court declines to reconsider its earlier ruling.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 13, 2021

3

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 13, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764